SHARON D. MAYO (SBN 150469)
sharon.mayo@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: 415.471.3100
Facsimile: 415.471.3400

CASSANDRA E. HAVENS (SBN 317241)
cassandra.havens@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
Telephone: 213.243.4000
Facsimile: 213.243.4199

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WB MUSIC CORP., HERBILICIOUS MUSIC, NAUGHTY MUSIC, NEUTRAL GRAY MUSIC, PURE LOVE MUSIC, UH OH ENTERTAINMENT, INC., WUT' SHAWAN-A DO MUSIC, INC., BABY SPIKE MUSIC, and NORTH AVENUE MUSIC,<br><br>Plaintiffs,<br><br>vs.<br><br>SOLITAIRE HOLDINGS, LLC, and LONG KIM HUOT,<br><br>Defendants. | Case No.: 2:18-cv-9450<br><br>**COMPLAINT FOR VIOLATIONS OF THE COPYRIGHT ACT**<br><br>(17 U.S.C. §§ 101, *et seq.*) |

Plaintiffs, by their undersigned attorneys, allege:

**JURISDICTION**

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C.§ 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendant's public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendant's acts of infringement.

**THE PARTIES**

4. The Plaintiffs named in Column 2[*] are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, Defendant Solitaire Holdings, LLC ("SHL") is a limited liability company organized under the laws of the state of Delaware with offices at 1580 Clark Street, Arcadia, California 91006.

6. At all times hereinafter mentioned, SHL did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Knockout's Gentlemen's Club ("Knockout's"), located at 1580 Clark Street, Arcadia, California 91006.

7. Musical compositions were and are publicly performed at Knockout's.

8. On information and belief, defendant Long Kim Huot ("Huot" and, together with SHL, the "Defendants") is an individual who resides and/or does business in this district.

---

[*] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

COMPLAINT FOR VIOLATIONS OF THE COPYRIGHT ACT

9. At all times hereinafter mentioned, Huot was, and still is, an officer, member, director, and/or principal of SHL.

10. At all times hereinafter mentioned, Huot was, and still is, responsible for the control, management, operation, and/or maintenance of the affairs of SHL.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Knockout's, including the right and ability to supervise and control the public performance of musical compositions at the establishment.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Knockout's.

## FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

13. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 670,000 songwriter, composer, and music publisher members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights. Defendants' knowledge and intent are established by the following facts:

    (a) Defendants entered into a license agreement with ASCAP, effective November 1, 2011.

    (b) Defendants, however, failed to pay license fees as required by the license agreement.

(c) Because of Defendants' failure to pay license fees due, on September 30, 2015, upon written notice, ASCAP terminated the agreement for default.

16. Since termination of Knockout's ASCAP license, ASCAP has attempted to contact the Defendants, or their representatives, agents, or employees, to offer to reinstate the license for Knockout's, or relicense the establishment, upon payment of the outstanding fees owed to ASCAP.

17. Defendants have refused all of ASCAP's offers to reinstate the license for Knockout's.

18. As a result of the foregoing, Knockout's has been unlicensed by ASCAP since September 30, 2015.

19. ASCAP's various communications offering to reinstate the license for Knockout's gave Defendants notice that unauthorized performances of ASCAP's members' musical compositions at Knockout's constitute copyright infringement.

20. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

21. The original musical compositions listed in Column 3 were published on the dates stated in Column 5, and since the date of publication have been printed and published in conformity with Title 17 of the United States Code.

22. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

23. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly compositions at

Knockout's, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

24. The public performances at Knockout's of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

25. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

26. The many unauthorized performances at Knockout's include the performances of the three copyrighted musical compositions upon which this action is based.

27. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

28. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

///
///
///
///
///

COMPLAINT FOR VIOLATIONS OF THE COPYRIGHT ACT

WHEREFORE, Plaintiffs pray:

I.  That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions—or any of them—and from causing or permitting the said compositions to be publicly performed at Knockout's, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II.  That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) in each cause of action herein.

III.  That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV.  For such other and further relief as may be just and equitable.

Dated: November 7, 2018         ARNOLD & PORTER KAYE SCHOLER LLP

By: *[signature]*
SHARON D. MAYO (SBN 150469)
sharon.mayo@arnoldporter.com
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111

CASSANDRA E. HAVENS (SBN 317241)
cassandra.havens@arnoldporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017

*Attorneys for Plaintiffs*

COMPLAINT FOR VIOLATIONS OF THE COPYRIGHT ACT